**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

CIVIL ACTION NO. 12-187-KKC

GENWORTH LIFE AND ANNUITY INSURANCE CO.,           PLAINTIFF,

V.               <u>MEMORANDUM OPINION & ORDER</u>

LESTER BURNS ET AL.,                                DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \* \*

Pending before the court is a motion to dismiss (R.10) filed by defendant Leslie Burns Pearson. Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") has responded to that motion and subsequently filed an amended complaint. For the following reasons, the defendant's motion to dismiss (R. 10) will be denied and the motion for leave to amend the complaint (R. 13) will be granted.

This matter arises from a 1981 Annuity in which Genworth agreed to provide payments to Canadian Universal or designated payees according to two separate schedules. R. 1 at 2. First, Genworth was required to pay Canadian Universal a set monthly payment for twenty years, thereafter until the death of Norman Williams. Second, Genworth was required to make three lump sum installment payments of $100,000 each in 1995, 2005, and 2015. At some point, Canadian Universal assigned its rights to defendant Lester Burns. In addition, Genworth was directed to make the $100,000 payment scheduled for 2015 to Burns' daughter and co-defendant, Leslie Burns Pearson. According to Genworth, Norman Williams, the measuring life for the monthly payments, died in 2001—extinguishing its obligation to make the monthly annuity payments and resulting in an overpayment to Burns in the amount $353,647.64. *See* R.1 at 3.

Genworth filed this action seeking restitution from Mr. Burns for the overpayment of the monthly installment payments and relief from its obligation to pay Pearson the $100,000 payment scheduled for 2015.

Pearson seeks dismissal of Genworth's claim arguing that her right to the scheduled 2015 lump sum payment of $100,000 was a valid assignment and exists independently of the monthly overpayments to Burns. In addition, Pearson avers she is entitled to the lump sum payment pursuant to an order issued in Perry Circuit Court or in the alternative asks the court to abstain under the Colorado River Doctrine. In response, Genworth argues there was no assignment to Pearson and Canadian Universal remains the owner of the contract.

To survive a 12(b)(6) dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Genworth has stated enough in its complaint to survive a challenge at this early stage of litigation. Indeed, additional discovery is needed to address whether the Annuity contract at issue was assigned and whether Genworth is subject to a prior court order. Genworth does not mention any existing litigation in Perry Circuit Court in its complaint and at this stage the court is at best left to guess as to the effect of that litigation on this current action. Pearson's arguments do not address whether Genworth has stated a claim for relief, but rather overbroadly seek to raise defenses and arguments to the enforcement of the scheduled 2015 lump sum payment that are more akin to a motion for summary judgment. Thus, dismissal is inappropriate.

In addition, Genworth seeks to amend its original complaint to clarify its claim against defendant Pearson and to add Canadian Universal Insurance Company, Ltd. as a party to the action. In deciding whether to grant leave to amend a complaint, the court should consider,

among other factors, delay in filing and undue prejudice to the opposing party. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Further, Rule 15(a) of the Federal Rules of Civil Procedure provides that a "court should freely give leave [to amend a complaint] when justice so requires." Given that no discovery has taken place, this is the first motion for leave to amend, and because the defendant has not made "at least some significant showing" of prejudice that she would suffer as a result of an amended complaint, Genworth's motion for leave to amend will be granted. *See Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

For the reasons stated above,

**IT IS ORDERED** that Pearson's motion to dismiss (R. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Genworth's motion for leave to amend (R.13) is **GRANTED**. The plaintiff's First Amended Complaint shall be deemed filed as of the date of the entry of this order.

Dated this 14th day of January, 2013.

Signed By:
*Karen K. Caldwell*   KKC
United States District Judge